DAVIS, Judge.
Charlotte County challenges the final judgment entered in favor of Rotunda Project, LLC, awarding damages for a taking in an inverse condemnation action. Rotunda alleged that Charlotte County, by its *250 actions, inactions, and regulations, deprived Rotunda of the economic use of its property and denied Rotunda its reasonable “investment-backed expectations,” thereby causing an as-applied or partial taking as described in Penn Central Transportation Co. v. City of New York, 438 U.S. 104, 124, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978).
Our review of the record indicates that there is little disagreement as to the facts of this case and that the issue on appeal is whether these facts support a finding of a compensable taking by the County. We agree with the trial court’s well-reasoned Order on Liability and affirm the finding “that Charlotte County by its regulations, actions and inaction has caused a substantial deprivation of the economic use of [Rotunda’s] property and denied [Rotunda’s] reasonable investment-backed expectations in violation of article X, section 6 of the Florida Constitution.” Because the County did not appeal the amount of the damages awarded, we affirm the final judgment without further comment.
Affirmed.
KELLY and MORRIS, JJ., Concur.